[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland v. Astrab,* Slip Opinion No. 2014-Ohio-2380.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2014-OHIO-2380

THE STATE EX REL. CITY OF CLEVELAND ET AL., APPELLANTS, *v.* ASTRAB, APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Cleveland v. Astrab,* Slip Opinion No. 2014-Ohio-2380.]**

*Political-subdivision immunity—Dismissal of tort claim without prejudice— Mandamus to order compliance with mandate of appellate court.*

(No. 2013-0866—Submitted February 4, 2014—Decided June 10, 2014.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 98608.

_____

**Per Curiam.**

{¶ 1} We affirm in part and reverse in part the judgment of the Cuyahoga County Court of Appeals regarding an underlying tort case. Relators, the city of Cleveland and some of its employees, filed an action for a writ of mandamus in the court of appeals requesting that the court order the trial court in the underlying tort case to comply with the court of appeals' earlier mandate regarding the immunity of the city and its employees in that case.

**{¶ 2}** The underlying case was brought by plaintiffs whose decedent was killed when struck by a stolen car being chased by a police vehicle. The complaint named the city and employees as defendants. They pleaded the defense of immunity, and they eventually filed a motion to dismiss based on a claim of political-subdivision immunity. The trial court denied the motion, and the city and its employees appealed. The court of appeals reversed, holding that the city and its employees in their official capacities were immune and that the plaintiffs had failed to state a claim against the employees in their individual capacities. It held that the trial court had therefore erred by denying the motion to dismiss.

**{¶ 3}** On remand, the trial court issued an order dismissing all claims raised against the city and its employees, stating, "[T]he dismissals herein are without prejudice and are otherwise than upon the merits." The city and its employees appealed the order, but the Eighth District dismissed, finding that there was no final, appealable order.

**{¶ 4}** The city and its employees filed a complaint for a writ of mandamus in the Eighth District against the judge of the trial court. Both sides filed motions for summary judgment, and the court of appeals denied the writ, finding that it had not mandated a dismissal with prejudice in the original appeal and that the city and its employees possessed adequate remedies in the ordinary course of law by way of appeal. The court of appeals also found that the case sounded in declaratory judgment and prohibitory injunction, rather than in mandamus.

**{¶ 5}** We reverse as to the claims that were originally dismissed on grounds of immunity of the city and of its employees in their official capacity. We affirm as to the claims that were originally dismissed on grounds of failing to state a claim with regard to immunity of the employees in their individual capacities.

**Facts**

{¶ 6}  Relators, the city of Cleveland and its employees, are defendants in underlying tort litigation *DiGiorgio v. Cleveland*, Cuyahoga C.P., No. CV-09-700625.  The respondent, Judge Michael Astrab, is presiding over *DiGiorgio* in the common pleas court.

{¶ 7}  In August 2009, the plaintiffs filed that lawsuit on behalf of themselves and the estate of Virginia DiGiorgio, who was struck and killed by a stolen car that was being pursued by the police.  The lawsuit named two groups of defendants: the occupants of the car, and the city and police officers.  The answer of the city and its employees denied liability and pleaded the defense of immunity under R.C. Chapter 2744.

{¶ 8}  The city and its employees eventually filed a motion to dismiss or for judgment on the pleadings, seeking a determination that they were immune.  Plaintiffs filed a brief in opposition and requested, in the alternative, leave to amend the complaint.  The respondent, Judge Astrab, denied the motion.

{¶ 9}  The city and its employees filed a notice of appeal, raising two assignments of error: first, that the trial court erred by not allowing them the benefits of immunity under R.C. Chapter 2744 and, second, that the trial court erred in denying them immunity when the complaint failed to allege sufficient facts to establish one of the exceptions to immunity under R.C. Chapter 2744.

{¶ 10} The Eighth District assigned the case for en banc review on the question whether the denial of immunity was a final, appealable order.  The court overruled its own precedent and, following this court's precedents, held that a denial of a motion to dismiss on the basis of political-subdivision immunity is a final, appealable order.  *DiGiorgio v. Cleveland*, 196 Ohio App.3d 575, 2011-Ohio-5824, 964 N.E.2d 495 (8th Dist.) (en banc), ¶ 15.  The case was then assigned to a three-judge panel to determine the merits.

**{¶ 11}** The panel conducted a de novo review of the trial court's denial of the motion of the city and its employees and reversed the trial court's denial of immunity, sustaining both assignments of error and entering judgment on all claims for the city and the employees. *DiGiorgio v. Cleveland*, 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878 (*"DiGiorgio II"*). Specifically, the court of appeals found that the city and its employees in their official capacities were immune, *id.* at ¶ 32-33, and that the plaintiffs had failed to state a claim regarding potential exceptions to immunity for city employees in their individual capacities, *id*. at ¶ 42-52.

**{¶ 12}** The plaintiffs filed a motion for reconsideration, asking the Eighth District to modify its decision to instruct the trial court to allow them to amend their complaint. The Eighth District denied this motion.

**{¶ 13}** We declined to accept the plaintiffs' appeal to this court on March 21, 2012. 131 Ohio St.3d 1484, 2012-Ohio-1143, 963 N.E.2d 824.

**{¶ 14}** On remand, respondent, Judge Astrab, dismissed the plaintiffs' complaint against the city and its employees without prejudice. The city and its employees again appealed, claiming that the order failed to comply with the Eighth District's mandate granting immunity and incorrectly subjected them to further litigation. The Eighth District sua sponte dismissed the appeal, holding that the order was not appealable, because other claims remained pending and there was no certification under Civ.R. 54(B). The appellate court also stated that the issue of compliance with its mandate could be addressed through an extraordinary writ. *DiGiorgio,* 8th Dist. Cuyahoga No. 98374 (June 4, 2012).

**{¶ 15}** The city and its employees filed a complaint in mandamus in the court of appeals, and the parties filed and briefed motions for summary judgment. The city and its employees argued that the decision in *DiGiorgio II*, 2011-Ohio-5878, although it did not explicitly say so, required the trial judge to dismiss the claims against them with prejudice and that they had no alternate remedy in the

ordinary course of law. In the decision now on appeal here, the Eighth District found that its judgment in *DiGiorgio II* did not mandate dismissal with prejudice but "simply found that it was error to deny the relators' motions to dismiss for judgment on the pleadings." 8th Dist. Cuyahoga No. 98608, ¶ 6 (Apr. 19, 2013).

{¶ 16} While agreeing that mandamus is appropriate to enforce the mandate of a court of appeals, the Eighth District found that the city and its employees must still establish entitlement to extraordinary relief by clear and convincing evidence and that they had not done so. *Id*. at ¶ 7. The Eighth District found that the city and its employees had an adequate remedy in the ordinary course of law, in that if the trial court allowed the plaintiffs to amend the complaint to subject them to tort liability, they could immediately appeal under R.C. Chapter 2744. *Id*. at ¶ 8.

{¶ 17} Finally, the court of appeals found that the real objects sought were a declaratory judgment and a prohibitory injunction and that the case was therefore inappropriate for mandamus.

{¶ 18} The city and its employees appealed to this court as a matter of right. Meanwhile, according to the brief of the city and its employees, the plaintiffs refiled the complaint against them, and Judge Astrab stayed the action pending this appeal to this court.

## Legal Analysis

{¶ 19} To be entitled to a writ of mandamus, the city and its employees must establish a clear legal right to the requested relief, a clear legal duty on the part of Judge Astrab to provide it, and the lack of an adequate remedy in the ordinary course of the law. *State ex rel. Waters v. Spaeth*, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. They must prove that they are entitled to the writ by clear and convincing evidence. *Id.* at ¶ 13.

{¶ 20} In *DiGiorgio II,* the appellate court made two decisions on the underlying complaint. First, it decided that the city and its employees in their

official capacities were immune as to the second, third, fourth, and fifth causes of action alleged in the complaint. 2011-Ohio-5878, ¶ 32. Second, it decided that the plaintiffs had failed to state facts sufficient to support their claims regarding statutory exceptions to immunity against the employees in their individual capacities in counts one through five, nine, and ten. *Id.* at ¶ 50-52.

## Immunity in official-capacity claims

**{¶ 21}** The appellate decision on immunity in official capacity in *DiGiorgio II* became the law of the case, and Judge Astrab is obligated to give that decision effect by dismissing those claims against the city and its employees with prejudice. The law-of-the-case doctrine promotes consistent decision-making within a case:

> Briefly, the doctrine provides that the decision of a reviewing court in a case remains the law of that case on the legal questions involved for all subsequent proceedings in the case at both the trial and reviewing levels.

> The doctrine is considered to be a rule of practice rather than a binding rule of substantive law and will not be applied so as to achieve unjust results. However, the rule is necessary to ensure consistency of results in a case, to avoid endless litigation by settling the issues, and to preserve the structure of superior and inferior courts as designed by the Ohio Constitution.

> In pursuit of these goals, the doctrine functions to compel trial courts to follow the mandates of reviewing courts. Thus, where at a rehearing following remand a trial court is confronted with substantially the same facts and issues as were involved in the prior appeal, the court is bound to adhere to the appellate

court's determination of the applicable law. Moreover, the trial
court is without authority to extend or vary the mandate given.

(Citations omitted.) *Nolan v. Nolan*, 11 Ohio St.3d 1, 3-4, 462 N.E.2d 410 (1984).

{¶ 22} As explained above, the appellate court in *DiGiorgio II* definitively held that the city and its employees in their official capacities were immune in the second, third, fourth, and fifth counts in the underlying case. 2011-Ohio-5878, ¶ 17, 32. All possible appeals of that determination were exhausted.

{¶ 23} In short, the determination in *DiGiorgio II* that the city and its employees in their official capacity are immune has become the law of the underlying case. Therefore, respondent Judge Astrab is compelled to follow it. He "is bound to adhere to the appellate court's determination of the applicable law." *Nolan* at 3.

{¶ 24} The city and its employees thus have a clear legal right to dismissal of those claims with prejudice, and the trial court has a clear legal duty to dismiss them with prejudice.

{¶ 25} As to an adequate remedy in the ordinary course of law, the Eighth District held and respondent argues that the city and its employees have an adequate remedy, in that they may file a dispositive motion and then appeal if the trial court declines to grant it. In this context, that is not an adequate remedy.

{¶ 26} The city and its employees have already fully litigated the immunity of the city and of the employees in their official capacities as to the second, third, fourth, and fifth counts in the original complaint. That immunity is the law of the case, and they should not have to relitigate it by filing yet another motion and appeal. The suggested remedy is therefore not "complete, beneficial, and speedy" and not an adequate remedy in the ordinary course of law. *State ex*

*rel. Ullmann v. Hayes*, 103 Ohio St.3d 405, 2004-Ohio-5469, 816 N.E.2d 245, ¶ 8.

**{¶ 27}** This outcome is consistent with the policy reasons behind the appealability of a determination on immunity. As the court held in *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, ¶ 25, quoting *Burger v. Cleveland Hts.*, 87 Ohio St.3d 188, 199–200, 718 N.E.2d 912 (1999) (Lundberg Stratton, J., dissenting):

> "Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties. If the appellate court holds that the political subdivision is immune, the litigation can come to an early end, with the same outcome that otherwise would have been reached only after trial, resulting in a savings to all parties of costs and attorney fees. Alternatively, if the appellate court holds that immunity does *not* apply, that early finding will encourage the political subdivision to settle promptly with the victim rather than pursue a lengthy trial and appeals. Under either scenario, both the plaintiff and the political subdivision may save the time, effort, and expense of a trial and appeal, which could take years."

(Emphasis sic.) If an early appeal of an immunity decision is pivotal to the outcome of the case, its finality is equally important. Plaintiffs and defendants will benefit not only from an early determination of immunity but also from its finality. In addition, defendants should not have to relitigate any issue finally decided, let alone one as fundamental as immunity.

**{¶ 28}** Therefore, as to the claims involving the immunity of the city and its employees in their official capacity, we reverse and grant the writ.

**Exception to immunity in individual-capacity claims**

{¶ 29} On the other hand, the remaining claims—based on exceptions to immunity for employees in their individual capacities—were dismissed in *DiGiorgio II* on the basis of failure to state a claim. Specifically, the Eighth District held that the exceptions to immunity asserted by the plaintiffs were supported by insufficient allegations of fact: "[A]s with Count 1, appellees' assertions of reckless and/or willful and wanton conduct in Counts 2 through 5 of the complaint are merely 'naked assertions' unsupported by any factual allegations. * * * Counts 9 and 10 likewise fail * * *." 2011-Ohio-5878, ¶ 50-51.

{¶ 30} As to this group of counts, the court of appeals did not hold, as it did with the first group, that the complaint itself established the defense of immunity and established that the plaintiffs could not prevail. Instead, it held only that the complaint did not sufficiently allege specific facts that would overcome immunity. It was appropriate, therefore, for the trial court, as it stated in its journal entry, to dismiss these claims "otherwise than upon the merits." The trial court had the discretion to dismiss these without prejudice and to allow the plaintiffs to refile their complaint regarding these claims and attempt to sufficiently plead them. For these claims, therefore, we affirm the Eighth District and deny the writ.

**Conclusion**

{¶ 31} We reverse in part, because the Eighth District in *DiGiorgio II* found that the city and its employees in their official capacities were immune. The court of appeals should have issued a writ ordering the trial court to dismiss these counts with prejudice.

{¶ 32} We affirm in part, because the Eighth District in *DiGiorgio II* found that the plaintiffs failed to plead sufficient facts to support their claims of statutory exceptions to immunity regarding city employees in their individual

capacities. The trial court has the discretion to allow the plaintiffs to amend or refile their complaint to correct these deficiencies.

Judgment affirmed in part

and reversed in part,

and writ granted in part.

O'CONNOR, C.J., and PFEIFER, O'DONNELL, LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'NEILL, J., concurs in judgment only.

_____

Barbara A Langhenry, Cleveland Director of Law, and Awatef Assad, Assistant Director of Law, for appellants.

Timothy J. McGinty, Cuyahoga County Prosecuting Attorney, and Nora E. Graham, Assistant Prosecuting Attorney, for appellee.

Spangenberg, Shibley & Liber, L.L.P., Rhonda Baker Debevec, and William B. Eadie, urging affirmance for amici curiae, Nicholas DiGiorgio et al.

_____