Lanzinger, J.,
dissenting.
*120 {¶ 42} While I agree that the Cleveland Civil Service Commission should have handled its termination of Jeffrey Milum’s employment with the city of Cleveland in a more satisfactory manner, I dissent from the majority’s decision and would hold that Milum is not entitled to the extraordinary legal remedy of mandamus.
I. Case Background
{¶ 43} The record in this case presents a complex and sometimes confusing sequence of events that detail Milum’s attempts to secure his continued employment with the city. A review of the facts relevant to the specific relief sought by Milum in this mandamus action is essential to addressing the issues it presents. Milum served as a full-time Class A construction-equipment operator from December 7, 2009, until February 25, 2011, when he was reclassified as a temporary Class B employee. On April 20, 2012, he received a “Notice of Pre-Hearing Conference” from the city alleging that he ranked tenth on the civil service list for the position of construction-equipment operator, Class B, and informing him that a predisciplinary hearing would be held in three days. Following that hearing on April 23, 2012, Milum was discharged from his employment.
{¶ 44} On April 23, 2012, Rachid Zoghaib, commissioner of the Division of Water Pollution Control, Department of Public Utilities, sent Milum a letter discharging him from employment, effective that day, because his employment was conditioned upon the lack of an eligibility list.[2] Zoghaib stated that an eligibility list based on a written examination had been established on March 23, 2012, and Milum ranked 10th out of 23 persons on the list, rendering him ineligible for further employment.
{¶ 45} Later on April 23, 2012, Milum submitted a letter to the civil service commission stating that he could be discharged only for cause pursuant to Civil Service Rule 6.80(D) and demanding a disciplinary hearing before a referee pursuant to Civil Service Rule 9.22. On April 27, a second discharge letter, signed by Barry A. Withers, director of Public Utilities, informed Milum that to remain in his current position, he was required to pass the civil service test with a score high enough to be considered for employment. Withers added that after the civil service test was administered and graded, Milum was rendered ineligible to remain in his temporary position and as a result was being discharged from employment on April 27, 2012.
{¶ 46} On May 1, 2012, Lucille Ambroz, secretary of the Cleveland Civil Service Commission, sent an e-mail to Milum’s attorney stating that the April 23 hearing “was incorrectly characterized as a disciplinary hearing” and that “Mr. *121 Milum was terminated because he did not score sufficiently high enough to retain his position,” apparently referring to the April 27 letter signed by Withers, the director. Milum’s attorney responded by e-mail later that day, stating, “My * * * demand for a hearing stands, regardless of what your letter says about Mr. Milum’s termination.” On May 22, 2012, Milum’s attorney sent another e-mail to Ambroz, stating:
Tomorrow will be a month since I requested the below noted hearing for Mr. Milum. If you do not confirm by return email this week that the requested hearing will be scheduled in the near future, I will be filing a lawsuit which will seek an order that requires the Civil Service Commission’s compliance with its own rules.
{¶ 47} On June 1, 2012, Ambroz informed Milum’s attorney that a hearing had been scheduled for Milum to appear before the civil service commission on June 22, 20,12. As noted by the majority, the letter stated that the original notice of discharge given to Milum on April 23 had been rescinded. The June 1 letter stated that Milum was being discharged from his employment because civil service eligibility lists had been posted and Milum did not score high enough to be rated as a top-three candidate for either a Class A or Class B position. The letter also provided that Milum was permitted to “further argue” for reinstatement at the June 22 hearing. Significantly, while the majority writes that the June 1 letter indicated that no Rule 9.22 hearing would occur, that letter did not state that Milum would not be allowed to argue that he was entitled to a Rule 9.22 hearing.
{¶ 48} On June 13, 2012, relator, the Municipal Construction Equipment Operators’ Labor Council, filed on behalf of Milum a complaint in the Eighth District Court of Appeals commencing the mandamus action underlying the present appeal. Neither Milum nor his counsel appeared at the June 22 hearing, during which the commission denied Milum’s request for a Rule 9.22 disciplinary hearing. Subsequently, on February 6, 2013, the Eighth District denied Milum’s request for a writ of mandamus. 2013-Ohio-374, 2013 WL 485213, at ¶ 23.
II. Legal Analysis
{¶ 49} To be entitled to a writ of mandamus, Milum must establish a clear legal right to the requested relief, a clear legal duty on the part of the city to provide it, and the lack of an adequate remedy in the ordinary course of law. State ex rel. Cleveland v. Astrab, 139 Ohio St.3d 445, 2014-Ohio-2380, 12 N.E.3d 1197, ¶ 19, citing State ex rel. Waters v. Spaeth, 131 Ohio St.3d 55, 2012-Ohio-69, 960 N.E.2d 452, ¶ 6. We have long noted that it “is elementary that mandamus is an *122 extraordinary legal remedy.” State ex rel. Evendale Local School Dist. Bd. of Edn. v. Griffin, 161 Ohio St. 537, 541, 119 N.E.2d 886 (1954).
{¶ 50} In this case, Milnm has failed to establish both a legal right to a neutral referee and a Civil Service Rule 9.22 hearing and a legal duty of the city to provide that relief. Milum is not entitled to the extraordinary legal remedy of mandamus, because he failed to follow the proper procedures for obtaining a neutral referee and a Rule 9.22 hearing and instead abandoned his request for that relief in favor of this mandamus action.
{¶ 51} Before seeking mandamus, Milum was required to follow the procedures set forth in the Civil Service Rules for the relief he now seeks. Milum did, in fact, initiate this process by repeatedly requesting a hearing. Instead of taking advantage of the opportunity to pursue this request, however, Milum abandoned the civil service process in favor of this mandamus action. Mandamus is not a substitute or alternate method of obtaining relief for parties to pursue when they do not like how the prescribed course of litigation is proceeding. Because he completely abandoned his attempt to obtain relief in the proper fashion, Milum is precluded from obtaining mandamus relief.
{¶ 52} I disagree with the majority’s conclusion that the record demonstrates that Milum had no indication that he could argue in favor of his request for a Rule 9.22 hearing at the June 22 meeting and that he was accordingly denied due process. The majority relies upon Ambroz’s June 1 letter, which, however, did not state that Milum would not be permitted to argue in favor of a Rule 9.22 hearing. The letter noted that Milum had demanded a hearing pursuant to Rule 9.22, it stated the reason for his discharge, and it informed Milum that a hearing had been scheduled for June 22 “in order to further argue for the reinstatement of [Milum’s] former position of employment.”
{¶ 53} The letter did not deny the request for a Rule 9.22 hearing. Instead, it appeared to assume that Milum would argue in favor of this request when it said that he would be able to “further argue” for reinstatement, in other words, to argue for reinstatement along with a Rule 9.22 hearing. This reading of the letter is supported by several events: Milum never withdrew his April 23 demand for a Rule 9.22 hearing, and his attorney had renewed his demand for a hearing in his May 1 and 22 e-mails to Ambroz. And during the June 22 meeting that Milum chose not to attend, the chairperson of the commission' opened the discussion by stating, “Item No. 17. Consideration of the request for a disciplinary hearing for Jeff Milum.” Thus, the commission continued to be under the impression that Milum still demanded a Rule 9.22 hearing.
{¶ 54} Although the commission’s procedures throughout the proceedings in this case were sloppy and Ambroz’s June 1 letter may have been inartfully worded, Milum was never told that he was precluded from arguing in favor of his *123 demand for a Rule 9.22 hearing. Far from being denied due process, Milum simply abandoned his demand for a Rule 9.22 hearing by failing to appear at the June 22 meeting.
Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A., Stewart D. Roll, and Patricia M. Ritzert, for appellant.
Barbara A. Langhenry, Director of Law, and James C. Cochran, Assistant Director of Law, for appellee.
{¶ 55} I would accordingly affirm the Eighth District’s denial of Milum’s request for mandamus relief.
III. Conclusion
{¶ 56} There was a way by which Milum could have obtained the relief he now seeks: he could have appeared at the June 22 meeting to renew his demand for a Rule 9.22 hearing. Because Milum rejected this available path, he is not entitled to a writ of mandamus. I respectfully dissent.
O’ConnoR, C.J., concurs in the foregoing opinion.

. The terms “eligibility list” and “eligible list” are used interchangeably throughout the record.