[Cite as *PSE Credit Union, Inc. v. Wells*, 2016-Ohio-7780.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 104075**

# PSE CREDIT UNION, INC.

PLAINTIFF-APPELLEE

vs.

# ANDRE WELLS, ET AL.

DEFENDANTS-APPELLANTS

## JUDGMENT:
REVERSED AND REMANDED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-831851

**BEFORE:** Keough, P.J., E.T. Gallagher, J., and Stewart, J.

**RELEASED AND JOURNALIZED:** November 17, 2016

**APPELLANT**

Andre Wells, pro se
20940 St. Clair Avenue
Cleveland, Ohio 44117


**ATTORNEY FOR APPELLEE**

Molly Steiber Harbaugh
Weltman Weinberg & Reis Co., L.P.A.
Lakeside Place, Suite 200
323 West Lakeside Avenue
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant, Andre Wells ("Wells"), appeals from the trial court's judgment granting the motion of plaintiff-appellee, PSE Credit Union, Inc. ("PSE") to dismiss his counterclaim.[1] Finding merit to the appeal, we reverse and remand for further proceedings.

## I. Background

{¶2} On August 26, 2014, PSE filed a complaint against Wells. The complaint alleged that in 2009, James Brown executed a promissory note with PSE and pledged a 2004 Land Rover as collateral for the note. The complaint further alleged that Brown stopped making payments on the note and subsequently filed for bankruptcy. The complaint alleged further that in 2013, Wells, doing business as Wells Auto Repair, obtained a mechanic's lien on the vehicle in Cuyahoga County Common Pleas Court without notice to PSE. The complaint asserted claims against Wells for replevin, conversion, and unjust enrichment regarding the vehicle, and sought a declaratory judgment prohibiting Cuyahoga County's fiscal officer from issuing a new title to the Land Rover that did not reflect PSE's interest.

{¶3} On September 19, 2014, Wells filed an answer to PSE's complaint, a motion to dismiss, and counterclaims (incorrectly identified in Wells's complaint as crossclaims) for defamation and interference with a business contract. PSE subsequently

---

[1] The other defendant in this matter — the Cuyahoga County Fiscal Officer — was dismissed without prejudice and is not a party to this appeal.

filed a brief in opposition to Wells's motion to dismiss. On October 21, 2014, the trial court granted Wells's motion in part and denied it in part, dismissing PSE's claims for replevin and conversion, but allowing the remaining claims for unjust enrichment and declaratory judgment to proceed.

{¶4} The trial court held pretrials in November 2014 and March 2015. On March 23, 2015, without ever filing an answer to Wells's counterclaims, PSE dismissed its complaint without prejudice. Although Wells's counterclaims remained pending, the trial court then incorrectly dismissed the entire action without prejudice.

{¶5} On November 13, 2015, Wells moved for default judgment on his counterclaims against PSE. On November 16, 2015, the trial court acknowledged that the case had been "deactivated in error," reinstated the case, and set an attorney telephone conference for December 2, 2015. At the telephone conference, the trial court set a default hearing on Wells's motion for January 7, 2016.

{¶6} However, on December 31, 2015, PSE filed a Civ.R. 12(B)(6) motion to dismiss Wells's counterclaims. In its motion, PSE argued that Wells's defamation claim failed to state a claim upon which relief could be granted because any statements contained in PSE's complaint, upon which Wells's counterclaim was allegedly based, were privileged, material, and relevant to the issue to be determined. PSE further argued that Wells's counterclaim for interference with a business contract failed to state a claim because it did not set forth all the elements of the tort.

**{¶7}** On January 4, 2015, Wells filed a brief in opposition to PSE's motion, arguing that PSE's motion should be denied because PSE had never filed an answer to his counterclaim, had not requested leave to file a motion to dismiss, and had not shown any excusable neglect for its late filing.

**{¶8}** On January 5, 2016, the trial court granted PSE's motion to dismiss. This appeal followed.

## II. Analysis

**{¶9}** As noted above, PSE never filed an answer to Wells's counterclaims. In his first assignment of error, Wells contends that the trial court abused its discretion in allowing PSE to file its Civ.R. 12(B)(6) motion to dismiss well beyond the rule date without any regard to the requirements of the Ohio Rules of Civil Procedure.

**{¶10}** Ohio's Rules of Civil Procedure provide that a defendant may serve an answer within 28 days after service of the summons and complaint upon him, Civ.R. 12(A)(1), or may choose to present certain defenses by way of motion. Civ.R. 12(B)(6). Where a defendant elects to defend by way of motion, the service of the motion alters the period of time for filing an answer. If the trial court denies the motion, the defendant's responsive pleading, i.e., its answer, must be filed within 14 days after notice of the court's action. Civ.R. 12(A)(2)(a).

**{¶11}** PSE blithely asserts that its Civ.R. 12(B)(6) motion was timely because, as it correctly points out, parties are not required to answer prior to filing their motion to dismiss. Indeed, a party may not have to answer at all if the court grants its motion to

dismiss. *See, e.g.*, *Guillory v. Ohio Dept. of Rehab. & Corr.*, 10th Dist. Franklin Nos. 07AP-861 and 07AP-928, 2008-Ohio-2299, ¶ 5. PSE fails to recognize, however, that a Civ.R. 12(B)(6) motion to dismiss *is an alternative* to answering the complaint. *Cromartie v. Goolsby*, 8th Dist. Cuyahoga No. 93438, 2010-Ohio-2604, ¶ 14. Thus, a defendant has 28 days after service of the summons and complaint to file *either* an answer or a Civ.R. 12(B)(6) motion to dismiss.

{¶12} Civ.R. 6(B) authorizes the extension of the answer date beyond the 28-day deadline as follows:

> When by these rules or by a notice given thereunder or by order of court an act is required or allowed to be done at or within a specified time, the court for cause shown may at any time in its discretion (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order, or (2) upon motion made after the expiration of the specified period permit the act to be done where the failure to act was the result of excusable neglect; * * *.

{¶13} "Thus, a court has discretion to grant an extension of time for cause shown, if a party requests the extension before the filing deadline passes. However, once the applicable filing deadline passes, the court only has the discretion to grant an extension upon motion and demonstration of excusable neglect." *Rowe v. Stillpass*, 4th Dist. Lawrence No. 06CA1, 2006-Ohio-3789, ¶ 12.

{¶14} In this case, PSE did not file either an answer or motion to dismiss within the 28-day window, and, in fact, waited over a year after service of the summons and complaint on Wells's counterclaim to file its motion to dismiss. When it finally did file its motion, PSE did not explain its delay in filing nor ask for leave to file an untimely

Civ.R. 12(B)(6) motion. Under these circumstances, the trial court abused its discretion in allowing PSE to file its Civ.R. 12(B)(6) motion to dismiss. PSE's failure to comply with the procedures outlined in the civil rules subjected it to a motion for default judgment, and Wells, having complied with the rules, was entitled to have his motion heard. *See Miller v. Lint*, 62 Ohio St.2d 209, 404 N.E.2d 752 (1980).

{¶15} Although not cited by either party, in *Resolution Trust Corp. v. Levitt*, 8th Dist. Cuyahoga No. 61018, 1992 Ohio App. LEXIS 3927 (July 30, 1992), this court stated that "a party may raise the defense of failure to state a claim upon which relief can be granted at any time up to and including trial." *Id*. at *4. That is a correct statement of the law, but it does not change the result in this case. In *Resolution Trust*, the plaintiff answered the defendant's counterclaim and then filed a Civ.R. 12(B)(6) motion to dismiss, which the court granted. On appeal, the defendant argued that the Civ.R. 12(B)(6) motion was untimely. Citing to Civ.R. 12(H)(2), which states that "[a] defense of failure to state a claim upon which relief can be granted * * * may be made in any pleading permitted or ordered under Rule 7(A), or by motion for judgment on the pleadings, or at the trial on the merits," this court found that the Civ.R. 12(B)(6) motion to dismiss was timely because the plaintiff had raised the defense in its answer to the defendant's counterclaim — a pleading permitted by Civ.R. 7(A)[2] — and then renewed the defense in its motion to dismiss.

---

[2]Civ.R. 7(A) states: "There shall be a complaint and an answer; a reply to a counterclaim denominated as such; an answer to a cross-claim, if the answer contains a cross-claim; a third-party complaint, if a person who was not an original party is summoned under the provisions of Rule 14;

**{¶16}** This case is different from *Resolution Trust*, however. PSE never answered Wells's counterclaim; thus, it never raised the defense "in any pleading permitted or ordered under Rule 7(A)." Likewise, PSE could not assert the defense in a motion for judgment on the pleadings under Civ.R. 12(C), which allows a party to move for judgment on the pleadings "after the pleadings are closed."[3] Because PSE never answered Wells's counterclaim, the pleadings were not closed.

**{¶17}** The integrity of the civil rules is dependent upon consistent enforcement of their provisions. *Miller*, 62 Ohio St.2d at 215, 404 N.E.2d 752. Although a party may raise the defense of failure to state a claim upon which relief can be granted up to and including trial, it must do so in accordance with the civil rules. PSE did not do that in this case and, accordingly, the trial court abused its discretion in allowing PSE to file its motion to dismiss. The first assignment of error is therefore sustained.

**{¶18}** In his second assignment of error, Wells contends that the trial court erred in granting PSE's motion to dismiss in the absence of a default hearing or a trial. He further contends that in granting the motion, the trial court considered matters outside the complaint without giving notice that it was converting the motion to dismiss into a motion

---

and a third-party answer, if a third-party complaint is served. No other pleadings shall be allowed * * *."

[3] Civ.R. 12(C) motions for judgment on the pleadings have been characterized as "belated" Civ.R. 12(B)(6) motions to dismiss for failure to state a claim upon which relief can be granted. *Digiorgio v. Cleveland,* 8th Dist. Cuyahoga No. 95945, 2011-Ohio-5878, ¶ 18. Because the pleadings in *Resolution Trust* were closed prior to the plaintiff's filing of its motion to dismiss, the motion is more accurately characterized as a Civ.R. 12(C) motion for judgment on the pleadings than a Civ.R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted.

for summary judgment. In light of our resolution of the first assignment of error, this assignment of error is moot and we need not consider it. *See* App.R. 12(A)(1)(c).

{¶19} The trial court's judgment granting PSE's Civ.R. 12(B)(6) motion to dismiss is reversed, and the matter is remanded for a hearing on Wells's motion for default judgment.

{¶20} Judgment reversed and remanded.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., CONCURS;
MELODY J. STEWART, J., CONCURS IN JUDGMENT ONLY