JOURNAL ENTRY and OPINION
{¶ 1} This is an appeal from an unopposed dismissal of an attorney malpractice complaint. Plaintiff Cruz Castillo filed this complaint pro se against his criminal attorney, defendant Edward Wade, alleging that Wade negligently represented him in a criminal matter. Although Castillo is currently incarcerated and has been throughout this case, the court provided telephone notice to him concerning his case status. Wade filed a motion for summary judgment arguing that the malpractice claim was nothing more than an attempt to have a guilty plea withdrawn. In the alternative, Wade asked for dismissal on grounds that Castillo had failed to appear at scheduled pretrials and thus merited the dismissal of his action. On February 16, 2005, the court's docket reflects that it struck the motion for summary judgment and informed Castillo that his response to the motion to dismiss was due by February 5, 2005. At the same time, the court ordered Wade to serve his motion to dismiss on Castillo. On February 25, 2005, the court dismissed the action on grounds that Castillo failed to file a response to the motion to dismiss "as ordered due by February 25, 2005."
 {¶ 2} Because the court speaks through its journal, State exrel. Marshall v. Glavas, 98 Ohio St.3d 297, 2003-Ohio-857, at ¶5, it inexplicably ordered Castillo to file his response to the motion to dismiss 11 days before it issued that order. While this is obviously a clerical error by the court, the fact remains that the docket speaks for itself. The court therefore abused its discretion by not giving Castillo time in which to respond to the motion to dismiss.
 {¶ 3} In any event, we question the court's intent to dismiss the matter due to Castillo's failure to attend pretrials. The court obviously knew that Castillo was incarcerated, so his presence at a pretrial would have been impossible. While we express no opinion on the merits of Castillo's claims for relief, we would have little difficulty finding that the court would have abused its discretion for basing a dismissal on the failure of an incarcerated party to be present at a pretrial.
Reversed and remanded.
This cause is reversed and remanded for proceedings consistent with this opinion.
It is, therefore, ordered that said appellant recover of said appellee his costs herein taxed.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, A.J., Concurs.
 Calabrese, Jr., J., Dissents with Separate Opinion.
 DISSENTING OPINION