[Cite as *Scranton-Averell, Inc. v. Cuyahoga Cty. Fiscal Officer*, 2013-Ohio-697.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 98493 and 98494**

# SCRANTON-AVERELL, INC.

PLAINTIFF-APPELLEE

vs.

# CUYAHOGA COUNTY FISCAL OFFICER, ET AL.

DEFENDANTS

# [APPEAL BY CLEVELAND METROPOLITAN SCHOOL DISTRICT BOARD OF EDUCATION]

**JUDGMENT:**
AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case Nos. CV-771573 and CV-771575

**BEFORE:** Keough, J., Boyle, P.J., and Jones, J.

**RELEASED AND JOURNALIZED:** February 28, 2013

**ATTORNEY FOR APPELLANT**

James H. Hewitt, III
Hewitt Law L.L.C.
The Groh Mansion
3043 Superior Avenue
Cleveland, OH 44114

**ATTORNEYS FOR APPELLEES**

**For Scranton-Averell, Inc.**

Andrew M. Fowerbaugh
Stickney & Stickney, L.L.P.
3301 Terminal Tower
50 Public Square
Cleveland, OH 44113

**For Cuyahoga County Fiscal Officer**

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:   Mark R. Greenfield
Assistant County Prosecutor
Justice Center, 8th Floor
1200 Ontario Street
Cleveland, OH 44113

KATHLEEN ANN KEOUGH, J.:

{¶1} In this consolidated appeal, defendant-appellant, the Cleveland Metropolitan School District Board of Education ("CMSD"), appeals the trial court's decision reversing the decision of the Cuyahoga County Board of Revision ("BOR"), which denied plaintiff-appellee, Scranton-Averell, Inc.'s, complaints to decrease the 2009 tax value of the parcels commonly referred to as 1920 Scranton Road, Cleveland, Ohio. Finding no merit to the appeal, we affirm.

{¶2} Scranton-Averell is the record owner of real property assigned Permanent Parcel Numbers 004-28-004 through 004-28-008 in Cuyahoga County, Ohio. These parcels are contiguous with conjoined buildings and have a common mailing address of 1920 Scranton Road. For the 2009 tax year, these parcels were taxed on two separate bills, with parcel 004-28-008 billed separately from the others.

{¶3} For the 2009 tax year, the Cuyahoga County Auditor assigned the parcels a combined value of $416,900 — $147,000 for the land and $272,200 for the buildings. Of this total, $71,500 was attributable to parcel 04-28-008 — $63,900 for land and $7,600 for buildings. The remaining parcels were valued at $345,400 — $77,800 for land and $267,600 for buildings.

{¶4} On March 30, 2011, Scranton-Averell filed two separate complaints with the BOR requesting that the true value of the parcels be reduced by 99% to a value of $1,000

each. In response, CMSD filed counter-complaints requesting the auditor's values be retained.

{¶5} The BOR considered Scranton-Averell's complaints at a hearing on October 24, 2011. Prior to the hearing, Scranton-Averell filed the written appraisal of John Davis, an MAI certified appraiser, for the parcels at issue, indicating the value of the parcels is $0.

{¶6} At the hearing, the BOR heard testimony from Davis regarding his report and from Thomas Stickney, the president of Scranton-Averell. CMSD participated in the hearing as well. The evidence and testimony presented at the BOR hearing showed that the parcels at issue consist of 2.58 acres containing a warehouse-industrial building. Mr. Davis opined that the building had no value, and based on its deterioration and current state, it should be razed for industrial development. Mr. Davis opined that $264,000 would be a reasonable figure consistent with the cost manual standards to raze the buildings and clear the site. He further opined based on the market data approach that if the land was vacant, it would have a value of $125,000. This value was less than the auditor's land determination value of $147,000. Mr. Davis then testified that it is customary that the costs of razing the buildings would be subtracted from the land value; thus, the value of the property would be $0.

{¶7} The BOR issued its decisions denying Scranton-Averell's request for a tax decrease. The decisions reduced the building value to $0, but increased the land value from $141,700 to $405,700, thus increasing the land value by $264,000. The only

rationale given by the BOR was that it apportioned the demolition costs between the parcels and added the auditor's value to determine its new value.

{¶8} Scranton-Averell filed appeals in both cases with the Cuyahoga County Court of Common Pleas pursuant to R.C. 5717.05, which were consolidated for disposition. In its discretion, the court did not hold a hearing on the matter, but reviewed the record from the BOR, and issued a written decision reversing the decision of the BOR. The trial court found the BOR's increased revaluation was arbitrary and unreasonable, and concluded that the uncontroverted evidence and testimony produced by Scranton-Averell warranted the decreased tax valuation as requested. Therefore, the trial court sustained Scranton-Averell's assignments of error and directed that the 2009 tax valuation on both parcels to be $1,000 each.

{¶9} CMSD appeals, raising two assignments of error.

## I. Civ.R. 6(B)

{¶10} In its first assignment of error, CMSD contends that the trial court abused its discretion in denying its request for additional time to file a brief and set forth the basis for its position that the property owner had failed to establish its right to the value requested.

{¶11} Civ.R. 6(B) permits a party to request additional or an extension time to act. It provides that a "court for cause shown may at any time in its discretion * * * (1) with or without motion or notice order the period enlarged if request therefor is made before the expiration of the period originally prescribed or as extended by a previous order * * *

."

{¶12} A trial court has discretion to extend the time merely for "cause shown." *Kaur v. Bharmota*, 10th Dist. No. 05AP-1333, 2006-Ohio-5782, ¶ 10. Accordingly, we will not reverse the trial court's decision absent an abuse of discretion. "The term 'abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983), quoting *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. *Freeman v. Crown City Mining, Inc.*, 90 Ohio App.3d 546, 552, 630 N.E.2d 19 (4th Dist.1993).

{¶13} On January 17, 2012, and prior to consolidation, the trial court issued an order scheduling a case management pretrial conference in February. In this scheduling order, the court expressly stated that "[i]f a continuance is sought for any reason, please file the appropriate motion, at least seven days before the scheduled event * * * ."

{¶14} At the February case management conference, the trial court set a briefing schedule, ordering Scranton-Averell to file its brief on or before March 23, 2012 and that CMSD's brief was due on or before April 23. Scranton-Averell subsequently moved to consolidate the two cases on March 23, which was also the same date it filed its brief. The trial court ordered the cases consolidated and revised the briefing schedule, ordering CMSD's brief due on May 3.

{¶15} On May 1, CMSD requested an extension of time to file its brief pursuant to

Civ.R. 6. CMSD stated in its motion that it was requesting an additional twenty-one days and stated that the basis for the extension was "due to the press of other business" and thus had "been unable to research and prepare a response brief in the time allowed." CMSD identified three cases it was specifically working on.

{¶16} The trial court denied CMSD's motion that same day reasoning that the motion was "filed 2 days before the due date." The trial court noted that CMSD's brief remained due on May 3. However, CMSD never filed a brief.

{¶17} Although this court may have acted differently when presented with CMSD's motion for an extension of time considering no prior extension was requested and the case was only pending for a few months, we are unfortunately bound by the abuse of discretion standard of review. Because the trial court issued a standing order in January notifying all parties that any continuance must be requested in writing seven days before the schedule event, CMSD was on notice that its motion could be deemed untimely. Moreover, we note that Scranton-Averell's brief was filed on March 23, and it did not make any new arguments or attempt to present any new evidence in its brief that was not already part of the BOR record.

{¶18} Accordingly, the trial court did not abuse its discretion in denying CMSD's motion for extension of time. The first assignment of error is overruled.

## II. Reversal of Board of Revision

{¶19} In its second assignment of error, CMSD contends the trial court abused its discretion when it valued the real property described in the two complaints filed with the

board of revision at $1,000 per complaint.

{¶20} Pursuant to R.C. 5717.05, a party may appeal the decision of the county board of revision to the court of common pleas. On appeal,

> [t]he court may hear the appeal on the record and the evidence thus submitted, or it may hear and consider additional evidence. It shall determine the taxable value of the property whose valuation or assessment for taxation by the county board of revision is complained of, or if the complaint and appeal is against a discriminatory valuation, shall determine a valuation that shall correct the discrimination, and the court shall determine the liability of the property for assessment for taxation, if that question is in issue, and shall certify its judgment to the auditor, who shall correct the tax list and duplicate as required by the judgment.

{¶21} The Supreme Court of Ohio has explained that R.C. 5717.05 "requires more than a mere review" of the board's decision. *Black v. Bd. of Revision*, 16 Ohio St.3d 11, 14, 475 N.E.2d 1264 (1985). However, "that review may be properly limited to a comprehensive consideration of existing evidence and, in the court's discretion, to an examination of additional evidence." *Id.* The common pleas court must "consider all such evidence and determine the taxable value through its independent judgment." *Id.* Thus, "[i]n effect, R.C. 5717.05 contemplates a decision de novo. It does not, however, provide for an original action or trial de novo." *Id.*

{¶22} Accordingly, "a trial court's analysis of the evidence should be thorough and comprehensive." *Tall Pines Holdings, Ltd. v. Testa*, 10th Dist. No. 04AP-372, 2005-Ohio-2963, ¶ 18. This type of review ensures that a court's final determination is not a mere rubber stamping of the board's decision, "but rather an independent investigation and complete reevaluation" of the board's "value determination." *Id.*,

citing *Black* at ¶ 14. While the trial court contemplates a "decision de novo," an appellate court should only disturb the trial court's independent judgment upon an abuse of discretion. *Id*. at ¶ 19.

{¶23} Neither a property valuation of a county auditor nor that of a board of revision is entitled to a presumption of validity. *Springfield Local Bd. of Edn. v. Summit Cty. Bd. of Revision*, 68 Ohio St.3d 493, 494-495, 1994-Ohio-501, 628 N.E.2d 1365. A taxpayer has the initial burden to establish the right to a reduction when challenging a county auditor's property valuation. *Id.* On appeal, a taxpayer "may successfully challenge a determination of a Board of Revision only where the taxpayer produces competent and probative evidence to establish the correct value of the subject property." *Amsdell v. Cuyahoga Cty. Bd. of Revision*, 69 Ohio St.3d 572, 574, 1994-Ohio-314, 635 N.E.2d 11. A taxpayer is "not entitled to the deduction claimed merely because no evidence is adduced contra his claim." *W. Industries, Inc. v. Hamilton Cty. Bd. of Revision*, 170 Ohio St. 340, 342, 164 N.E.2d 741 (1960).

{¶24} CMSD argues that the trial court erred when it accepted Scranton-Averell's requested valuation on the basis that no party had submitted any evidence of some other value.

{¶25} While an auditor or BOR has no corresponding burden to defend his valuation and a taxpayer is not entitled to a reduction simply because the auditor presents no evidence to rebut his claim, the auditor's duty to defend his valuation is triggered once the taxpayer does present competent, probative evidence to support a right to a reduction.

*Murray & Co. Marina, Inc. v. Erie Cty. Bd. of Revision*, 123 Ohio App.3d 166, 172-174, 703 N.E.2d 846 (6th Dist.1997).   By not presenting any evidence, the BOR and county auditor do risk that the court will find the appellant's evidence competent and probative, and therefore, determinative of the appeal.   *Restivo v. Ottawa Cty. Bd. of Revision*, 6th Dist. No. 99-OT-052, 1999 Ohio App. LEXIS 6399 (Dec. 30, 1999), *9.

**{¶26}** In this case, CMSD did not present any evidence at the BOR hearing or file a brief with the trial court.   The issue before the trial court was identical to that of the BOR, and the burden for the decreased valuation remained with Scranton-Averell.   At the BOR hearing, CMSD only challenged the estimated costs of demolition versus repair.  It did not disagree with Davis's opinion that the building had no value and it did not question or object to Davis's opinion that demolition costs should be deducted from the value of the property.

**{¶27}** The trial court conducted an independent review of the BOR's decision and evidence on appeal.   The evidence and testimony presented at the BOR hearing showed that the parcels at issue consist of 2.58 acres containing a warehouse-industrial building. Mr. Davis opined that the building had no value, and based on its deterioration and current state, it should be razed for industrial development.   Mr. Davis opined that $264,000 would be a reasonable figure consistent with the cost manual standards to raze the buildings and clear the site.   He further opined based on the market data approach that if the land was vacant, it would have a value of $125,000.   Mr. Davis then testified that it is customary that the costs of razing the buildings would be subtracted from the

land value; thus, the value of the property would be $0.

{¶28} The trial court found the BOR's decision increasing the land value for both tax bills based on the evidence presented to be arbitrary and unreasonable. While the trial court's standard of review in a tax valuation administrative appeal does not encompass a determination whether the BOR's decision was reasonable, the record is devoid of any evidence presented to the BOR to support the land value increase. The BOR explained its justification for the new valuation as, "Apportioning demolition costs between this parcel and [the other consolidated parcel] and adding auditor's land value results in new valuation as shown." Rather than decreasing the parcels by the estimated demolition costs, the BOR increased the land value by the estimated demolition costs. Davis testified that the costs of demolition are traditionally deducted from the total property value, and no evidence or testimony to the contrary was presented. Therefore, according to Davis, the land value would be $125,000 after demolition, and the demolition would cost approximately $264,000. Subtracting those two figures would leave a value of $0.

{¶29} Therefore, the trial court found that based on Davis's appraisal, the land value was nominal. Accordingly, the trial court sustained Scranton-Averell's assignments of error and reversed the decision of the BOR. The trial court directed that the 2009 taxable value for the parcels be decreased to $1,000 each.

{¶30} We cannot substitute our judgment for that of the trial court on factual issues. Scranton-Averell had the duty to prove its right to a reduction in value. *R.R.Z.*

*Assoc. v. Cuyahoga Cty. Bd. of Revision*, 38 Ohio St.3d 198, 202, 527 N.E.2d 874 (1988).

But whether we agree with the trial court's conclusion from the facts that Scranton-Averell satisfied its burden is immaterial. As the resolution of a question of fact, the trial court's determination of value will be reversed only when it appears from the record that such decision is unreasonable or arbitrary.

{¶31}   Accordingly, we find no abuse of discretion by the trial court in reversing the BOR's decision.   The trial court conducted an independent review of the evidence and found that Scranton-Averell presented probative and competent evidence supporting its request, thus satisfying its burden.

{¶32} Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

MARY J. BOYLE, P.J., and
LARRY A. JONES, SR., J., CONCUR