[Cite as *Carter v. Pristine Senior Living & Post-Acute Care, Inc.*, 2019-Ohio-5010.]

**IN THE COURT OF APPEALS OF OHIO**
**SECOND APPELLATE DISTRICT**
**MONTGOMERY COUNTY**

| | | |
|---|---|---|
| LEWIS CARTER, et al. | : | |
| | : | |
| Plaintiff-Appellant | : | Appellate Case No. 28381 |
| | : | |
| v. | : | Trial Court Case No. 2018-CV-2214 |
| | : | |
| PRISTINE SENIOR LIVING AND POST-ACUTE CARE, INC., et al. | : | (Civil Appeal from Common Pleas Court) |
| | : | |
| Defendant-Appellee | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 6th day of December, 2019.

. . . . . . . . . . .

JULIUS L. CARTER, Atty. Reg. No. 0084170, 130 West Second Street, Suite 1622, Dayton, Ohio 45402
 Attorney for Plaintiff-Appellant

STEVEN J. HUPP, Atty. Reg. No. 0040639 and KATHLEEN A. STAMM, Atty. Reg. No. 0095160, 1300 East Ninth Street, Suite 1950, Cleveland, Ohio 44114
 Attorneys for Defendant-Appellee

. . . . . . . . . . . . .

HALL, J.

{¶ 1} Plaintiffs Julius Carter and Lewis Carter appeal from the trial court's entry of summary judgment for Defendants Pristine Senior Living and Post-Acute Care and Scott Fehr on the Carters' claim for defamation. We conclude that the trial court abused its discretion by overruling the Carters' motion for an extension of time to oppose summary judgment. However, the trial court did not abuse its discretion in overruling the Carters' motion to amend their complaint. The judgment is affirmed in part, reversed in part, and remanded for further proceedings.

## I. Facts and Procedural History

{¶ 2} On May 16, 2017, Lewis Carter was a resident at Pristine Senior Living and Post-Acute Care, a long-term care and rehabilitation facility in Englewood, Ohio. That evening, his son Julius Carter was visiting and was unhappy with the care that his father was receiving. Julius expressed his concern to Melania Flores, one of the nurses. According to Flores, Julius yelled at her and she alleged he said "I want to hit you right now." Flores reported the incident to Pristine's Assistant Director of Nursing, who in turn told Scott Fehr, Pristine's Administrator.

{¶ 3} On May 19, Fehr had Flores write and sign a statement describing what had happened. In her description, Flores wrote that Julius told her, " 'I want to hit you right now.' " According to Fehr, an employee-safety policy required him to report any threat of violence against an employee to the police. Accordingly, Fehr contacted the Englewood Police Department and reported what Flores had written in her statement. The police created an incident report and issued Julius a "Notice of Criminal Trespass" that advised

him not to return to Pristine. In the notice's "narrative description" section, an officer wrote, "stated 'I want to hit you right now.' "

{¶ 4} A year later, on May 18, 2018, the Carters filed a complaint against Pristine and Fehr, jointly and severally, claiming medical negligence and defamation. (We will refer to both defendants collectively as "Pristine.")   The complaint alleged that Lewis had received "substandard care" while a resident at Pristine and that Fehr had filed a false police report against Julius. The claim for medical negligence was dismissed because the Carters failed to file an affidavit of merit. On February 21, 2019, Pristine filed a motion for summary judgment on the defamation claim. The same day, the trial court entered an order giving the Carters until March 7, to file their opposition, unless they were granted an extension. The Carters filed a motion for an extension but not until March 14. Then on March 25, they filed a motion for leave to file an amended motion for an extension instanter in which they explained that a new staff member incorrectly calendared the date for responding to Pristine's summary-judgment motion as March 14, 2019, which is why they did not file their motion for an extension until that day. The trial court overruled the Carters' motion for an extension because it was filed after the date-to-respond in the February 21, 2019 entry had passed. The court also denied them leave to file the motion instanter, saying that it did not grant ex parte instanter motions.

{¶ 5} While the summary-judgment motion was pending, the Carters also filed a motion for leave to amend their complaint under Civ.R. 15. They sought to add Flores as a defendant and to add a claim for intentional infliction of emotional distress. The trial court overruled the motion to amend, finding that the Carters had not given an adequate reason to justify the delay of trial that the amendments would likely cause.

{¶ 6} On April 10, the trial court sustained Pristine's motion for summary judgment on the Carters' defamation claim.

{¶ 7} The Carters appeal.

## II. Analysis

{¶ 8} The Carters assign three errors to the trial court. The first challenges the decision denying them an extension of time to respond to the motion for summary judgment. The second challenges the decision denying them leave to amend their complaint. The third challenges the decision entering summary judgment on their defamation claim.

## A. Extension of time to oppose summary judgment

{¶ 9} The first assignment of error alleges that the trial court erred by denying the Carters an extension of time to respond to Pristine's motion for summary judgment.

{¶ 10} Whether to grant an extension of time to respond to a motion for summary judgment is within a trial court's discretion. *Brenman v. Reck*, 2d Dist. Miami No. 2004 CA 3, 2004-Ohio-5828, ¶ 20; Civ.R. 6(B). We review discretionary decisions for abuse of discretion—a decision made with an unreasonable, arbitrary, or unconscionable attitude. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). "When applying the abuse of discretion standard, a reviewing court is not free to merely substitute its judgment for that of the trial court." *In re Jane Doe 1*, 57 Ohio St.3d 135, 137-138, 566 N.E.2d 1181 (1991), citing *Berk v. Matthews*, 53 Ohio St.3d 161, 169, 559 N.E.2d 1301 (1990).

{¶ 11} Pristine filed its motion for summary judgment on February 21, 2019. Forty-five minutes later, the trial court entered a scheduling order stating, in part, that "[a]ll

memoranda and/or affidavits in opposition to this motion must be filed not later than March 07, 2019 unless the Magistrate, upon written request, grants an extension." The Carters filed their motion for an extension of time on March 14, 2019, a week after the deadline. The reason for the untimely filing, according to the Carters, was that a relatively new paralegal in their counsel's office had incorrectly recorded the deadline for responding as 21 days after the summary-judgment motion was filed. The Carters argue that the missed deadline was excusable neglect and that the trial court acted unreasonably by denying their motion for an extension of time, which led to the court deciding the motion for summary judgment unopposed.

{¶ 12} We note—though the Carters do not—that the time for response imposed by the trial court in its scheduling order was half the time for response established by local rule. Mont. Co. C.P.R. 2.05(B)(2)(b) provides that "[m]emoranda in opposition to motions for summary judgment shall be filed and served within *28 days* from the date on which the motion for summary judgment was served." (Emphasis added.) The trial court did not explain why it shortened the rule's response period. In its written decision denying the motion for an extension, the court said only that it was denying an extension because the "motion was filed after the date to respond [imposed by the scheduling order] had passed."

{¶ 13} The reason may have been that the trial judge was a visiting judge who was unfamiliar with the changes made to Rule 2.05 while the case was pending. We note that on September 10, 2018, the trial court entered a final pretrial order that set the response period at 14 days after a motion for summary judgment was filed. At the time that order was entered, that was the response period in Rule 2.05. But the rule was amended two

months later, to extend the time period for responding to summary-judgment motions to 28 days.

{¶ 14} How the February 21, 2019 entry was processed or why it imposed a response time shorter than the local rule is uncertain. What matters is that the trial court did not explain why it halved the response time in the local rule, and we cannot divine a legitimate reason for doing so from the record. Under the local rule, the Carters should have had until March 21 to file a response to Pristine's motion for summary judgment. They filed their motion for an extension of time well before that deadline. Given the circumstances in this case, we conclude that the trial court abused its discretion by overruling the motion for an extension of time. The trial court's ruling prejudiced the Carters by preventing them from attempting to show that a genuine issue of material fact existed or that, notwithstanding the facts, Pristine was not entitled to judgment as a matter of law.

{¶ 15} The first assignment of error is sustained.

### B. Amending the complaint

{¶ 16} The second assignment of error alleges that the trial court erred by denying the Carters leave to amend their complaint.

{¶ 17} "The grant or denial of leave to amend a pleading is discretionary and will not be reversed absent an abuse of discretion." (Citation omitted.) *State ex rel. Askew v. Goldhart*, 75 Ohio St.3d 608, 610, 665 N.E.2d 200 (1996). A denial that is unsupported by a sound reasoning process is an abuse of discretion. *See Schafer v. RMS Realty*, 138 Ohio App.3d 244, 300, 741 N.E.2d 155 (2d Dist.2000), citing *AAAA Ents., Inc. v. River Place Community Urban Redevelopment Corp.*, 50 Ohio St.3d 157, 161, 553 N.E.2d 597

(1990) ("Decisions are unreasonable if they are not supported by a sound reasoning process.").

{¶ 18} The Carters sought to add as a defendant Melanie Flores, the nurse who claimed that Julius Carter threatened her. As to Flores, the amended complaint alleged:

27. Upon information and belief, Defendant Flores made a false allegation of being threatened by Plaintiff J Carter.

28. Upon information and belief, Defendant Flores knew her false allegation was being reported to police by Defendant Fehr.

29. Upon information and belief, Defendant Flores intended to create a medical hardship for Plaintiffs by making the false allegation.

* * *

39. Defendant Flores provided a false statement to Defendant Fehr in support of the trespassing allegation.

The Carters also sought to add a claim of intentional infliction of emotional distress. The claim's allegations do not name a particular defendant but refer to the "Defendants' actions."

{¶ 19} The trial court denied leave to amend on the grounds that the Carters had failed to give a reason justifying a probable delay in the trial. As to adding Flores as a defendant and adding the emotional-distress claim, the court said in its written decision that the Carters had failed to adequately explain why it took ten months after filing their original complaint to identify Flores as a defendant or to assert the new claim. Flores, the court noted, appeared to be the person identified in the complaint as the employee who reported that Julius Carter had threatened her. The court observed that the defamation

claim could proceed without Flores being separately named as a defendant. The court also pointed out that the trial was only a few months away and that adding her would likely require delaying the trial to allow her time to obtain counsel.

{¶ 20} The Carters claim that Flores's identity was unknown to them when they filed their original complaint and that they did not know the substance of what she told defendant Fehr, the administrator, until Pristine filed its motion for summary judgment. Flores's written statement had not been provided to them. The Carters claim that it was only once they read her statement that they learned of her malicious action and sought to add her as a defendant and to add a claim of intentional infliction of emotional distress.

{¶ 21} Civ.R. 15(A) states that leave of court should be "freely given" for amendment of pleadings. But " '[w]here a motion for leave to amend is not timely tendered and no reason is apparent to justify the delay, a trial court does not abuse its discretion in refusing to allow the amendment.' " *State ex rel. Smith v. Adult Parole Auth.*, 61 Ohio St.3d 602, 603-604, 575 N.E.2d 840 (1991), quoting *Meadors v. Zaring Co.*, 38 Ohio App.3d 97, 99, 526 N.E.2d 107 (1st Dist.1987). *See also Winkle v. Southdown, Inc.*, 2d Dist. Greene No. 92-CA-107, 1993 WL 333643, *3 (Sept. 3, 1993). Here, the trial court determined that the amendments would delay the trial and that the Carters had failed to adequately explain why it took them so long to seek the amendments. We note too that, according to Pristine, in the ten months between the filing of the original complaint and the motion to amend, the Carters never served Pristine with any written discovery or asked for any discovery depositions. Thus it appears that, despite knowing that an employee had claimed that Julius had made threats, the Carters never tried to discover the employee's name or what the employee had claimed Julius said or did. We cannot

say that the trial court abused its discretion in refusing to permitt the amendments that the Carters sought so close to trial.

{¶ 22} The second assignment of error is overruled.

### C. Summary judgment

{¶ 23} The third assignment of error alleges that the trial court erred by entering summary judgment for Pristine on the Carters' defamation claim.

{¶ 24} We concluded in our review of the first assignment of error that the trial court should have granted the Carters' motion for an extension of time to respond to Pristine's motion for summary judgment. Therefore we also conclude that the trial court erred by entering summary judgment for Pristine.

{¶ 25} The third assignment of error is sustained.

### III. Conclusion

{¶ 26} The trial court's judgment is affirmed insofar as it overruled the Carters' motion for leave to amend their complaint. But the judgment is reversed insofar as it overruled the Carters' motion for an extension of time to respond to Pristine's motion for summary judgment and entered summary judgment for Pristine. This matter is remanded so that the Carters have an appropriate opportunity to oppose summary judgment.

. . . . . . . . . . . . .

DONOVAN, J. and FROELICH, J., concur.

Copies sent to:

Julius L. Carter
Steven J. Hupp
Kathleen A. Stamm
Hon. Dale Crawford, Visiting Judge