[Cite as *Hopkins v. Greater Cleveland Regional Transit Auth.*, 2024-Ohio-2265.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

DAVID HOPKINS,                          :

    Plaintiff-Appellee,             :

                            No.  113088

    v.                              :

GREATER CLEVELAND REGIONAL            :
TRANSIT AUTHORITY,

                            :

    Defendant-Appellant.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:**  AFFIRMED
**RELEASED AND JOURNALIZED:**  June 13, 2024

---

Civil Appeal from the Cuyahoga County Court of Common Pleas
Case No. CV-22-972339

---

### *Appearances:*

Paul Knott, *for appellee.*

Janet E. Burney, General Counsel and Brian R. Gutkoski,
Associate Counsel II, *for appellant.*


EMANUELLA D. GROVES, J.:

{¶ 1} Defendant-appellant, Greater Cleveland Regional Transit Authority

("GCRTA"), appeals the August 10, 2023 judgment of the trial court refusing to

consider GCRTA's motion for summary judgment filed on July 31, 2023. After a careful review of the record, we affirm.

**Factual and Procedural History**

{¶ 2} This case was initially filed on January 13, 2021, voluntarily dismissed on December 17, 2021, and refiled on December 8, 2022. On April 6, 2023, GCRTA filed a motion to set a motion for summary judgment deadline. GCRTA claimed:

> Denial of GCRTA's motion set a deadline for dispositive motion practice constitutes a final appealable order. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, fl23; R.C. 2744.02(C); *Supportive Solutions, L.L.C. v. Elec. Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 23. Therefore, the Ohio Supreme Court has held that even the denial of a motion for leave to assert the affirmative defense of political-subdivision immunity precludes a political subdivision from enjoying the benefits of alleged immunity in contravention of R.C. 2744 et. seq., *Supportive Solutions*, *LLC*, supra, at ¶ 23.

(Emphasis sic.) (Defendant's motion to set a deadline for Motion for Summary Judgment, Apr. 6, 2023.)

{¶ 3} On April 12, 2023, the trial court set a final pretrial date of July 12, 2023, and a trial date of August 16, 2023. Both parties agreed to these dates. On May 31, 2023, the court granted GCRTA until June 16, 2023, to file its motion for summary judgment. On June 15, 2023, the day before the dispositive motion deadline, GCRTA requested an enlargement of time from June 16 to July 31, 2023. GCRTA stated:

> "[T]here is simply no way the scheduled trial date of 8/16/2023 will proceed because either the court grants GCRTA's forthcoming MSJ, or the court denies it, also resulting in a final appealable order, which GCRTA will pursue in lieu of a jury trial on 8/16/2023."

Defendant's Motion No. 5097583 (June 15, 2023).

{¶ 4} On June 29, 2023, Hopkins filed his brief in opposition, stating, "Trial in this matter is currently scheduled for August 16, 2023. Accordingly, plaintiff's brief in opposition would be due after the scheduled trial date." (Plaintiff's brief in opposition, June 29, 2023).

{¶ 5} GCRTA filed a reply in support of its motion for an enlargement of time on July 3, 2023, requesting, "In light of summer holidays that will impose schedule conflicts, GCRTA asks until August 31, 2023, to file its motion for summary judgment." (Defendant's reply, July 3, 2023).

{¶ 6} On July 12, 2023, the trial court held a final pretrial, and on July 16, 2023, it journalized the following entry:

> This case was called for a final pretrial on July 12, 2023, as scheduled. Both parties appeared through counsel. Discovery and negotiations are ongoing. The trial date remains set.

Journal entry, July 16, 2023.

{¶ 7} The record is void of a signed journal entry granting an enlargement of time; however, the record reflects a docket entry on July 16, 2023, in which GCRTA's motion was granted. GCRTA filed its motion for summary judgment on July 31, 2023. On August 10, 2023, the trial court journalized an entry regarding GCRTA's motion for summary judgment. The trial court's entry did not explicitly deny the motion for enlargement of time to file dispositive motions, nor did it rule on the

actual motion for summary judgment. Instead, the trial court found that GCRTA's

motion for summary judgment was not before the court. The trial court stated:

> On April 6, 2023, the defendant GCRTA filed a motion for leave to file a motion for summary judgment. On May 31 the court granted the motion for leave and set a deadline of June 16 to file the motion for summary judgment. In the meantime, on April 12, a trial was set for August 16, 2023.
>
> May 31[1] came and went without a summary judgment motion being filed. The defendant did, however, file a summary judgment motion on July 31, two months past the motion deadline and only 16 days before trial.
>
> Because the July 31 motion was filed without leave and with insufficient time under Civil Rule 6(C) for the plaintiff to file a brief in opposition, the July 31 motion is not pending for a decision.

(Journal entry, Aug. 10, 2023.)

{¶ 8} From this entry, GCRTA appeals, raising the following assignments of

error.

## Assignment of Error No. 1

The trial court erred in granting leave through July 31, 2023, for GCRTA to file a motion for summary judgment and retroactively attempted to rescind leave once GCRTA timely filed its motion, as ordered on July 31, 2023.

## Assignment of Error No. 2

The trial court erred in denying GCRTA's motion for summary judgment because Hopkins never opposed the motion.

---

[1] The journal entry states that "May 31, 2023, came and went with no motion for summary judgment filed"; however, the dispositive motion deadline was set by the court on May 31, 2023, and granted GCRTA until June 16, 2023, to file its motion for summary judgment.

## Assignment of Error No. 3

The trial court erred in denying GCRTA's motion for summary judgment because it is a political subdivision and immune under R.C. 2744.02.

## Assignment of Error No. 4

The trial court erred in denying GCRTA's motion for summary judgment because it is a political subdivision and immune under R.C. 2744.03.

## Assignment of Error No. 5

The trial court erred by denying a pretrial discovery deposition of appellee's treating physician, Dr. Irwin Mandel.

## Final Appealable Order

{¶ 9} As a preliminary matter, we must address whether this matter is appropriately before us. The jurisdiction of an appellate court to review a trial court's decisions is limited to final appealable orders. *Rae-Ann Suburban, Inc. v. Wolfe*, 8th Dist. Cuyahoga No. 107536, 2019-Ohio-1451, ¶ 9, citing Article IV, Section 3(B)(2), Ohio Constitution; R.C. 2505.02, 2505.03. Orders that affect a substantial right made in a special proceeding or upon summary judgment application in an action after judgment are "final orders" under R.C. 2505.02(B)(2). *E.A.K.M. v. M.A.M.*, 8th Dist. Cuyahoga No. 112833, 2024-Ohio-967, ¶ 10. "'"If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter, and the appeal must be dismissed."'" *Rae-Ann Suburban, Inc.*, quoting *Scheel v. Rock Ohio Caesers Cleveland, L.L.C.,* 8th Dist. Cuyahoga No. 105037, 2017-Ohio-7174, ¶ 7, quoting *Assn. of Cleveland Firefighters*, #93 *v.*

*Campbell*, 8th Dist. Cuyahoga No. 841148, 2005-Ohio-1841, ¶ 6.  A reviewing court must examine, sua sponte, potential deficiencies in jurisdiction.  *Id.*

{¶ 10} An order denying a political subdivision the benefit of an alleged immunity from liability generally constitutes a final order.  *Hubbell,* 115 Ohio St.3d 77, 2007-Ohio-4839, 873 N.E.2d 878, at ¶ 12; *Supportive Solutions, L.L.C.,* 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, at ¶ 11.  It is immediately appealable, even if the order makes no final determination on immunity.  *Id.* at ¶ 12, citing R.C. 2744.02(C); *Sullivan v. Anderson Twp.,* 122 Ohio St.3d 83, 2009-Ohio-1971, 909 N.E.2d 88, ¶ 13.

{¶ 11} A trial court's failure to rule on a motion is generally deemed to be a denial of that motion for purposes of appellate review.  *Thompson v. Cooper*, 2017-Ohio-5549, 93 N.E.3d 231, ¶ 22 (5th Dist.); *State v Olah,* 146 Ohio App.3d 586, 2001-Ohio-1641, 767 N.E.2d 755, ¶ 33, fn. 2 (9th Dist.).

{¶ 12} Here, GCRTA, a political subdivision, filed a motion for an enlargement of time to file its motion for summary judgment, alleging political subdivision immunity on June 15, 2023.  The trial court did not issue an order granting nor denying the motion.  GCRTA filed its motion for summary judgment on July 31, 2023.  After that, the trial court declared that GCRTA's motion for summary judgment was not pending a decision.  In essence, this declaration is a failure to rule upon the procedural motion for leave to file its motion for summary judgment.  Given the motion was a request for time to present its immunity defense, we find GCRTA was denied the benefit of its alleged affirmative defense.  Thus, the

trial court's judgment entry of August 10, 2023, is a final appealable order. This court has jurisdiction to review the August 10, 2023 order in GCRTA's first assignment of error. However, our review of interlocutory orders is limited.

{¶ 13} We now turn to GCRTA's second, third and fourth assignments of error. GCRTA claims the trial court denied its motion for summary judgment filed on July 31, 2023. The motion for summary judgment was not ruled upon, nor is it pending. Therefore, we have no jurisdiction to review the legal merits of a political subdivision immunity defense when the immunity argument is neither before nor decided by the trial court. *See Dawson v. Cleveland*, 8th Dist. Cuyahoga No. 94510, 2010-Ohio-5142, ¶ 11.

{¶ 14} GCRTA's fifth assignment of error alleges the trial court erred in its ruling on a pretrial discovery deposition request.

{¶ 15} R.C. 2744 does not permit appellate review of alleged errors that do not involve claims of immunity, even when they arise along with a political subdivision immunity claim. *Hale v. Toth*, 8th Dist. Cuyahoga No. 112030, 2023-Ohio-2954, ¶ 11. Such claims do not create final appealable orders. *Id*. at ¶ 12, *accord Johnson v. Greater Cleveland Regional Transit Auth.,* 2021-Ohio-938, 171 N.E.3d 422 ¶ 51 (8th Dist.).

{¶ 16} Therefore, our jurisdiction to review interlocutory orders in this case is limited to the trial court's denial of GCRTA's motion for an enlargement of time to present its immunity defense alleged in the first assignment of error. GCRTA's

remaining assignments of error do not pertain to a final appealable order and will not be considered on review.

**Standard of Review**

{¶ 17} The standard of review for procedural decisions regarding the filing, hearing, and disposition of a motion for summary judgment is an abuse of discretion. *United States Bank Trust, N.A. v. Antoine*, 9th Dist. Summit No. 28990, 2019-Ohio-3868, ¶ 11; Civ.R. 6(B); *Ngaoka v. Soc. Natl. Bank*, 8th Dist. Cuyahoga No. 57288, 1990 Ohio App. LEXIS 2986 (July 19, 1990). A trial court's exercise of its discretion to grant or deny requests for an extension of time will not be reversed absent an abuse of discretion. *State ex rel. DiFranco v. S. Euclid*, 144 Ohio St.3d 571, 2015-Ohio-4915, 45 N.E.3d 987, ¶ 13; *Scranton-Averell, Inc. v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga Nos. 98493 and 98494, 2013-Ohio-697, ¶ 12. An abuse of discretion "implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blue v. Bur. of Workers' Comp.*, 8th Dist. Cuyahoga No. 112652, 2023-Ohio-3481, ¶ 10, citing *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

**Enlargement of Time**

{¶ 18} In its first assignment of error, GCRTA claims the trial court erred when it granted its motion for an enlargement of time to file its motion for summary judgment, then rescinded it after GCRTA filed its motion for summary judgment in compliance with the order. It is undisputed that the docket entry dated July 16, 2023, indicated that GCRTA's motion for an enlargement of time to file its

dispositive motions, up to and including July 31, 2023, stated: "granted." However, there is no signed, journalized order explicitly granting or denying the motion within this record.

{¶ 19} Our review requires us to first resolve the conflict between the docket entry and the trial court's orders to determine if the trial court granted GCRTA's motion for enlargement of time before effectively denying it. We rely on the well-settled principle that a court speaks through its journal entries. *Shambaugh v. Liberty Mut. Ins. Co.*, 10th Dist. Franklin No. 05AP-949, 2006-Ohio-533, ¶ 9; *accord Castillo v. Wade*, 8th Dist. Cuyahoga No. 86175, 2005-Ohio-6729, ¶ 2, citing *State ex rel. Marshall v. Glavas*, 98 Ohio St.3d 297, 2003-Ohio-857, 784 N.E.2d 97, ¶ 5.

> Thus, it is the journalized judgment, not the underlying decision, through which a court speaks. Accordingly, it is a judgment, not a decision, from which an appeal may lie. *See* Civ.R. 54(A) *Id.*

{¶ 20} GCRTA's argument that the docket entry granted its motion for an enlargement of time is unpersuasive. The docket sheet is not a journalized order. Under these facts, the docket entry is of no effect. Consistent with the well-settled principle that a court speaks through its journal entries, GCRTA's motion to enlarge time was never "granted." Accordingly, we find that the trial court effectively denied GCRTA's motion for an enlargement of time in its August 10, 2023 order.

{¶ 21} Now that we have determined that the trial court effectively denied GCRTA's motion for enlargement of time, we turn to whether the trial court abused its discretion in doing so. GCRTA's challenge to the trial court's August 10 order

fails because a trial court has the discretion to grant or deny an extension of time for filing "merely for cause shown." *Scranton-Averell, Inc.,* 8th Dist. Cuyahoga Nos. 98493 and 98484, 2013-Ohio-697, at ¶ 12. A trial court does not abuse its discretion when it decides not to allow a party leave to extend the due date for filing a motion for summary judgment to present its political immunity defense "unless the result is so palpably and grossly violative of fact or logic that the trial court's attitude was unreasonable, arbitrary, or unconscionable." *Murgu v. Lakewood City School Dist., Bd. of Edn.* 8th Dist. Cuyahoga No. 105699, 2018-Ohio-4643, ¶ 17; *Keller v. Russell,* 4th Dist. Scioto No. 99 CA 2659, 2000 Ohio App. LEXIS 2748, 14-15 (June 9, 2000) *Scranton-Averell, Inc.* at ¶ 17. (The trial court did not abuse its discretion when it denied a motion for extension that same day, in reliance on a clerical error in a docket entry.)

{¶ 22} Notably, consideration of this case's procedural timetable is critical to our analysis. This case was previously filed and dismissed after GCRTA filed its motion for summary judgment. Shortly after the case was refiled, GCRTA requested a motion for summary judgment deadline. The record reveals that the trial court set the initial June 16, 2023 due date for dispositive motions in response to GCRTA's request, where it claimed no need for additional discovery to present its political immunity defense. In its April 6, 2023 motion GCRTA alleged, "[A]ny additional discovery sought by Plaintiff is unnecessary to respond to the salient issues to resolve this litigation on the merits." (Defendant's motion to set motion summary judgment deadline, Apr. 6, 2023).

**{¶ 23}** Furthermore, GCRTA acknowledged the trial court's inherent authority to manage its docket. *Frebes v. Am. Fam. Ins. Co.,* 8th Dist. Cuyahoga No. 109117, 2020-Ohio-4750 ¶ 32. GCRTA noted:

> Leave to file for summary judgment should be freely granted where consideration of a motion for summary judgment will not cause any further appreciable delay in the proceedings or will not precipitate any undue prejudice to the opposing party.

(Defendant's motion to set motion for summary judgment deadline, Apr. 6, 2023).

**{¶ 24}** On June 15, 2023, the day before the dispositive motion deadline, GCRTA requested an enlargement of time from June 16 to July 31, 2023. Despite previously acknowledging the trial court's inherent authority to manage its docket, and without requesting a continuance, GCRTA stated:

> [T]here is simply no way the scheduled trial date of 8/16/2023 will proceed because either the court grants GCRTA's forthcoming MSJ, or the court denies it, also resulting in a final appealable order, which GCRTA will pursue in lieu of a jury trial on 8/16/2023.

Defendant's Motion No. 5097583 (June 15, 2023).

**{¶ 25}** Hopkins opposed the motion arguing that his brief in opposition would be due after the trial date. GCRTA's reply in support of its motion for enlargement of time was filed on July 3, 2023. In its reply, GCRTA proposed an even later motion for summary judgment due date, two weeks after the agreed upon trial date.

**{¶ 26}** The trial court held a final pretrial on July 12, 2023. A signed entry was journalized on July 16, 2023, which stated:

This case was called for a final pretrial on July 12, 2023, as scheduled. Both parties appeared through counsel. Discovery and negotiations are ongoing. The trial date remains as set.

(Journal entry, July 16, 2023). Over ninety days after GCRTA's request for a motion for summary judgment date, GCRTA filed "Defendant Greater Cleveland Transit Authority's Motion for Summary Judgment with Request for Shortened Response Time Under Civ.R. 6(C)." In its motion, GCRTA asked the trial court to reduce Hopkins's time to respond to its motion for summary judgment to just seven days instead of the 28 days permitted by the local rule. GRCTA argued, "It would be an abuse of discretion to deny a shortened response time given the impending, scheduled trial date of August 16, 2023." (Defendant's motion for summary judgment with a request for shortened response time, July 31, 2023.) GCRTA's argument that the trial court's refusal to shorten the opposing party's response time constitutes an abuse of discretion lacks merit.

{¶ 27} GCRTA offered no authority to support its argument that the trial court's denial of its motion to shorten Hopkins's response time would constitute an abuse of discretion. We agree that a trial court abuses its discretion when it denies a motion for leave without justification, where the affirmative defense was tendered timely, in good faith, and the opposing party would not be prejudiced. *See*, *e.g.*, *Supportive Solutions Training Academy, L.L.C. v. Electronic Classroom of Tomorrow*, 8th Dist. Cuyahoga Nos. 95022 and 95287, 2013-Ohio-3910, ¶ 10. However, GCRTA never filed a motion for leave to plead its untimely motion for summary judgment nor asked for a continuance of the agreed-upon trial date.

Moreover, Hopkins would have been prejudiced had the trial court considered the untimely affirmative defense because there was insufficient time for him to respond before the trial date. In fact, we find ample authority to support the conclusion that a trial court errs when it shortens a litigant's response time for motions without good cause. "Due process demands that a trial court allow a nonmoving party time for a fair opportunity to respond before ruling on a motion for summary judgment." *Huntington Natl. Bank v. Miller*, 10th Dist. Franklin No. 14AP-716, 2015-Ohio-1558, ¶ 11; *see Hooten v. Safe Auto Ins. Co.*, 100 Ohio St.3d 8, 2003-Ohio-4829, 795 N.E.2d 648, ¶ 40; *Harbor View v. Jones*, 10th Dist. Franklin No. 10AP-356, 2010-Ohio-6533, ¶ 37; *Magby v. Sloan*, 11th Dist. Ashtabula No. 2020-A-0045, 2021-Ohio-3171, ¶ 19 (The trial court abused its discretion by not providing an appropriate opportunity for the nonmoving party to oppose a motion for summary judgment.); *Carter v. Pristine Senior Living & Post-Acute Care, Inc.*, 2d Dist. Montgomery No. 28381, 2019-Ohio-5010, ¶ 26. The record reflects the trial court considered Hopkins's due process right of a fair opportunity to respond to GCRTA's motion for summary judgment when it denied GCRTA's motion for an enlargement of time to file its motion.

{¶ 28} After carefully reviewing the record, we find that the trial court's effective denial of GCRTA's June 15, 2023 motion for enlargement of time was not so palpably and grossly violative of fact or logic that the trial court's attitude was unreasonable, arbitrary, or unconscionable. Therefore, we cannot say the court abused its discretion in its August 10, 2023 order, finding that the motion for

summary judgment was not properly before the court, would not be considered on its merits, and was not pending.

{¶ 29} Judgment is affirmed.

It is ordered that the appellee recover from the appellant costs herein taxed.

The court found there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
EMANUELLA D. GROVES, JUDGE

MICHELLE J. SHEEHAN, P.J., CONCURS;
EILEEN T. GALLAGHER, J., DISSENTS (WITH SEPARATE OPINION)


EILEEN T. GALLAGHER, J., DISSENTING:

{¶ 30} I concur with the majority's determination that this appeal is taken from a final, appealable order. However, I respectfully dissent from the majority's resolution of the first assignment of error, and its conclusion that the trial court did not abuse its discretion by effectively denying appellant's June 15, 2023 motion for enlargement of time. In my view, the motion for enlargement of time set forth a legitimate basis for an extension of the summary judgment deadline, and the court's implicit denial failed to consider the judicial economy served by the early resolution of an immunity claim under R.C. Chapter 2744.

{¶ 31} In this case, the parties agree that on May 31, 2023, the trial court set a summary judgment deadline, granting appellant leave to file a motion for summary judgment by June 16, 2023. One day before the deadline expired, appellant filed a "motion for enlargement of time to file dispositive motions up to and including July 31, 2023," pursuant to Civ.R. 6(B)(1), 56(B), and R.C. 2744.02(C). Appellant argued that an extension was warranted because (1) plaintiff's amended expert report was disclosed on May 31, 2023, (2) appellant's expert, Dr. Douglas Gula, D.O., had yet to review the plaintiff's expert report because he "was intermittently out of state and on vacation with his family," and (3) appellant was entitled to pursue its immunity claim in a dispositive motion. Appellant maintained that plaintiff would not be prejudiced by an extension and that the "denial of this motion for a 45-day enlargement of time to file [a] MSJ under these circumstances would be both an abuse of discretion and constitute a final appealable order."

{¶ 32} On June 29, 2023, plaintiff filed a brief in opposition to the motion for enlargement of time, arguing an extension of the motion deadline until July 31, 2023, would be improper because plaintiff would not have sufficient time to file a brief in opposition before the scheduled trial date of August 16, 2023.

{¶ 33} A final pretrial hearing was held on July 12, 2023. Although this court does not have access to the transcript of the hearing, and therefore cannot assess the nature of the discussion that took place, the computerized docket contains a corresponding entry, dated July 16, 2023, that provides as follows:

Motion filed for D1 Greater Cleveland Regional Transit Authority * * *
Defendant's motion for enlargement of time to file dispositive motions
up and including July 31, 2023 – 07/16/2023- *GRANTED*.

(Emphasis added.)

{¶ 34} Despite the computerized docket's notation, the trial court also issued

a signed journal entry on July 16, 2023, stating:

This case was called for a final pretrial on July 12, 2023, as scheduled.
Both parties appeared through counsel. Discovery and negotiations are
ongoing. The trial date remains set. Notice issued.

{¶ 35} The journal entry did not expressly address or otherwise rule on the

appellant's motion for enlargement of time. Nevertheless, relying on the

computerized docket entry, appellant filed its motion for summary judgment on

July 31, 2023, believing the dispositive motion was filed in accordance with the

timeline established by the court.

{¶ 36} Ultimately, the trial court disagreed with appellant's interpretation of

the docket and the court's prior orders. On August 10, 2023, the trial court

determined that appellant failed to comply with the summary judgment deadline,

stating:

On April 6, 2023, the defendant GCRTA filed a motion for leave to file
a motion for summary judgment. On May 31, the court granted the
motion for leave and set a deadline of June 16 to file the motion for
summary judgment.

May 31 came and went without a summary judgment motion being
filed. The defendant did, however, file a summary judgment motion on
July 31, two months past the motion deadline and only 16 days before
trial.

Because the July 31 motion was filed without leave and with insufficient time under Civ.R. 6(C) for the plaintiff to file a brief in opposition, the July 31 motion is not pending for a decision.

{¶ 37} In the first assignment of error, appellant argues "the trial court's conflicting orders about leave to file GCRTA's motion for summary judgment were clearly an abuse of discretion." Appellant contends that its motion for summary judgment was timely filed on July 31, 2023, pursuant to the docket entry entered on July 16, 2023, and that the trial court acted arbitrarily by retroactively rescinding its extension of the summary judgment deadline until July 31, 2023.

{¶ 38} Upon review, I disagree with appellant's interpretation of the record and its assertion that the trial court issued conflicting orders regarding the extension of the summary judgment deadline. As noted by the plaintiff, the July 16, 2023 docket entry relied on by appellant in this appeal appears to have been "mistakenly placed on the docket by the clerk." The court did not issue conflicting journal entries, it simply failed to rule on the motion for enlargement of time before issuing the August 10, 2023 judgment entry.

{¶ 39} Accordingly, I agree with the majority's determination that a motion for summary judgment was not pending at the time of the trial court's August 10, 2023 judgment because (1) the notation on the computerized docket that the motion for enlargement of time was "granted" did not constitute a journalized order as contemplated under the Cuyahoga County C.P. Loc.R. 19, and (2) the trial court's journal entry, dated July 16, 2023, did not address the motion for enlargement.

{¶ 40} With that stated, however, I believe the prevailing issue in this case concerns the trial court's failure to formally address appellant's June 15, 2023 motion for enlargement of time, and its reluctance to consider the benefits of resolving immunity claims before trial. As noted by the majority, because the motion for enlargement of time was not ruled on in a journalized judgment entry, it was deemed denied as a matter of law. *See State v. Nikolic*, 8th Dist. Cuyahoga No. 108779, 2020-Ohio-3718, ¶ 5, citing *Savage v. Cody-Zeigler, Inc.,* 4th Dist. Athens No. 06CA5, 2006-Ohio-2760, ¶ 28 (motions that a trial court fails to explicitly rule upon are deemed denied once a court enters final judgment). In essence, the implicit denial prevented the political subdivision from presenting its immunity defense in a dispositive motion. *See* R.C. 2744.02(C); *Supportive Solutions, L.L.C. v. Electronic Classroom of Tomorrow*, 137 Ohio St.3d 23, 2013-Ohio-2410, 997 N.E.2d 490, ¶ 23.

{¶ 41} Civ.R. 6(B) permits a party to request additional or an extension of time to act. It provides that a "court for cause shown may at any time in its discretion * * * (1) with or without motion or notice order the period enlarged if request therefore is made before the expiration of the period originally prescribed or as extended by a previous order * * *."

{¶ 42} I recognize that trial courts are afforded broad discretion in managing their own dockets. However, it is equally well settled that the purpose of R.C. Chapter 2744, the Political Subdivision Tort Liability Act, "is to preserve political subdivisions' fiscal integrity." *Supportive Solutions* at ¶ 11, citing *Wilson v. Stark*

*Cty. Dept. of Human Servs.*, 70 Ohio St.3d 450, 453, 639 N.E.2d 105 (1994).

Consistent with that purpose, early resolution of the immunity issue is preferable.

*Id.* As the Ohio Supreme Court explained in *Hubbell v. Xenia*, 115 Ohio St.3d 77,

2007-Ohio-4839, 873 N.E.2d 878:

> "[D]etermination of whether a political subdivision is immune from liability is usually pivotal to the ultimate outcome of a lawsuit. Early resolution of the issue of whether a political subdivision is immune from liability pursuant to R.C. Chapter 2744 is beneficial to both of the parties. If the appellate court holds that the political subdivision is immune, the litigation can come to an early end, with the same outcome that otherwise would have been reached only after trial, resulting in a savings to all parties of costs and attorney fees. Alternatively, if the appellate court holds that immunity does not apply, that early finding will encourage the political subdivision to settle promptly with the victim rather than pursue a lengthy trial and appeals. Under either scenario, both the plaintiff and the political subdivision may save the time, effort, and expense of a trial and appeal, which could take years."

*Id.* at ¶ 25, quoting *Burger v. Cleveland Hts.* 87 Ohio St.3d 188, 199-200, 718 N.E.2d

912 (1999) (Lundberg Stratton, J., dissenting).

{¶ 43} Thus, "'[w]hether a party is entitled to immunity is a question of law

properly determined by the court prior to trial pursuant to a motion for summary

judgment.'" *McConnell v. Dudley*, 158 Ohio St.3d 388, 2019-Ohio-4740, 144 N.E.3d

369, ¶ 17, quoting *Pelletier v. Campbell*, 153 Ohio St.3d 611, 2018-Ohio-2121, 109

N.E.3d 1210, ¶ 12, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 292, 595 N.E.2d 862

(1992). *See also Riscatti v. Prime Properties Ltd. Partnership*, 137 Ohio St.3d 123,

2013-Ohio-4530, 998 N.E.2d 437, ¶ 16-17 (discussing the importance of

determining R.C. Chapter 2744 immunity before trial).

{¶ 44} Upon consideration of all relevant factors, including the apparent confusion caused by the inaccurate docket entry, the grounds supporting appellant's need for an extension, the preservation of judicial resources, and the preference for resolving immunity claims on their merits prior to trial, I would find the trial court abused its discretion by failing to grant appellant an enlargement of time to file its motion for summary judgment.

{¶ 45} In this case, the request for additional time to act was made prior to the expiration of the June 16, 2023 deadline. In addition, the motion set forth reasonable grounds for an extension. Here, the plaintiff filed notice of its expert report on May 31, 2023, just two weeks before the summary judgment deadline expired. Based on the timing of this filing, appellant's expert, Dr. Gala, had yet to review the competing expert report because he was out of state for personal reasons. While this appeal focuses on the issue of immunity, appellant was entitled to raise alternative arguments in its motion for summary judgment that directly challenged the merits of the plaintiff's claims based on the available evidence and competing expert reports. I recognize the trial court's desire to expediate the motion practice in this case given the procedural posture of the original filing before it was dismissed. Under the circumstances, however, I believe appellant was entitled to more than two weeks to file a thorough motion for summary judgment based on the recency of plaintiff's expert report and the temporary unavailability of Dr. Gula.

{¶ 46} Lastly, and perhaps most importantly, I find the preference for judicial economy in resolving the immunity claim far outweighs any purported

prejudice that may have been caused by an additional delay or continuance of the trial. Although I take no position on the merits of appellant's immunity claim, I believe both parties would "benefit not only from an early determination of immunity but also from its finality." *See State ex rel. City of Cleveland v. Astrab*, 139 Ohio St. 3d 445, 2014-Ohio-2380, 12 N.E.3d 1197, ¶ 27.

{¶ 47} Despite the majority's reliance on *Murgu v. Lakewood City School Dist., of Edn.*, 8th Dist. Cuyahoga No. 105699, 2018-Ohio-4643, this case does not involve the denial of leave to file a motion for summary judgment, but the denial of an extension of time to file the motion when leave was already granted under Civ.R. 56(A) for good cause. As stated, the grounds supporting appellant's motion were reasonable and limited to the unique facts of this case.

{¶ 48} I am equally unpersuaded by the majority's reliance on this court's prior decision in *Scranton-Averell, Inc. v. Cuyahoga Cty. Fiscal Officer*, 8th Dist. Cuyahoga Nos. 98493 and 98494, 2013-Ohio-697, and its application of the abuse-of-discretion standard to the defendant's request for an extension of time to file a dispositive brief pursuant to Civ.R. 6. Significantly, *Scranton-Averell* did not concern a political subdivision immunity defense, and therefore, did not require the lower court or the reviewing court to consider whether the denial prevented the defendant from enjoying the benefits of the alleged immunity in contravention of R.C. Chapter 2744 et seq.

{¶ 49} As applicable to this case, the trial court's failure to expressly rule on the motion for enlargement of time is telling and diminishes what the majority refers

to as the "facts or logic" supporting the court's implicit judgment.  Any perceived prejudice cause by an extension of the summary judgment deadline is minimal and can be contributed to the expedited trial date.  Accordingly, I would sustain the first assignment of error and remand the matter for further proceedings.